UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00123-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRIANNA LESHAY WRIGHT, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on court-appointed counsel's Motion for Use of an Associate (#60). In accordance with 18 U.S.C. § 3006A and Volume 7 of the *Guide to Judiciary Policy*, counsel seeks the appointment of a second attorney in this matter. For cause, counsel states in relevant part as follows:

     1. On April 20, 2017, a seven count indictment charging conspiracy to commit sex trafficking, sex trafficking of a minor, and conspiracy to transport a minor to engage in prostitution was filed. Each count carries a ten year mandatory minimum sentence. The charges are very serious and carry significant penalties.

     2. It is clear this matter will be going to trial. There are many jail calls and other information in discovery that needs to be prepared for presentation to a jury. Defense counsel needs for trial preparation as well as well as assistance at trial.
\*\*\*
     4. The severe penalties and complexity of the evidence justifies the assistance of an associate in this matter.

Motion (#60) at 1-2.

In relevant part, the *Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel*, provides as follows concerning the compensation of co-counsel:

1

> **§ 230.53.10 Without Separate Appointment**
>
> (a) Unless separately appointed in accordance with § 230.53.20(b) or Guide, Vol 7A, § 620.10, co-counsel or associate attorneys may not be compensated under the CJA.
>
> (b) However, an appointed counsel may claim compensation for services furnished by a partner or associate or, with prior authorization by the court, counsel who is not a partner or associate, within the maximum compensation allowed by the CJA, separately identifying the provider of each service.
>
> **§ 230.53.20 With Appointment**
>
> (a) In an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the CJA.
>
> (b) The finding of the court that the appointment of an additional attorney in a difficult case was necessary and in the interest of justice must appear on the Order of Appointment. See: Guide, Vol 7A, § 620.10 for appointment of more than one attorney in capital cases.

GJP, Vol. 7, Ch. 2 at §§ 230.53.10 & 230.53.20.

As counsel intends to employ an associate in her firm, she is already authorized under §230.53.10(b) to claim compensation for services of such attorney, but only within the maximum compensation limits under lead counsel's appointment. Thus, leave of Court is not required for the furnishing of those services.

Instead, it appears that counsel is seeking appointment under § 230.53.20(a). Counsel's burden, then, is to show the Court that this is an "extremely difficult case." Id. As most federal cases are not simple, appointment of a second attorney in a non-capital matter is necessarily limited to extremely difficult cases.

> Were it not for the requirement that the case be "extremely difficult" before an additional attorney can be appointed, there might very well be routine requests for appointment of immigration counsel in every one of the many cases in which a defendant faces immigration consequences if convicted. If appointments of second

> counsel became the norm in these types of cases, the resources which Congress provides to pay CJA counsel would be severely strained.

United States v. Alves, 317 F. Supp. 2d 65, 67 n. 1 (D. Mass. 2004). While the district court in Alves addressed appointment of a specialized lawyer, the decision points to the necessity of assuring that a case is indeed extremely difficult before appointing a second lawyer.

Counsel has shown that: (1) defendant faces a mandatory minimum sentence of ten years if convicted; (2) that there is substantial discovery concerning the substantive offenses and that counsel also needs to review jail calls; and (3) as trial is anticipated, that she needs the assistance of a second attorney in organizing the evidence and preparing for trial. While counsel has made this request in good faith, the proffer now before the Court is not sufficient as the difficulties presented would be present in many -- if not most -- cases tried in this district. Based on counsel's description, the Court cannot find that a showing has been made that this is an extremely difficult case. See United States v. Kott, 2011 WL 2357508, at *1 (D. Alaska June 13, 2011).

Denial of this request does *not* mean counsel cannot utilize the services of her associate Ms. Ramseur; however, such use is limited, financially, as provided in § 230.53.10(b). Counsel is granted leave to file a new motion to exceed limits if it appears that funds available under her appointment are insufficient under a § 230.53.10(b) approach or to file a new § 230.53.20(a) motion for a separate appointment if the complexities of the case increase to a point that the case is demonstrably "extremely difficult." As such a showing may require disclosure of privileged work product or attorney-client information, counsel is granted leave to file that motion *ex parte*.

**ORDER**

**IT IS, THEREFORE, ORDERED** that court-appointed counsel's Motion for Use of an Associate (#60) is **DENIED** without prejudice as to using such associate as provided in § 230.53.10(b) or as to filing additional motions as discussed herein.

Signed: February 15, 2018

Max O. Cogburn Jr.
United States District Judge

4